IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| TARA BEAVERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 25-03123-CV-S-DPR |
| ) | |
| ELLIOTT LODGING, LTD, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

On May 12, 2025, Defendant removed this civil action from the Circuit Court of Christian County, Missouri, to this Court. On May 13, 2025, the Court entered an Order to Show Cause, directing Defendant to show cause in writing why this action should not be remanded to state court for lack of jurisdiction. (Doc. 4.) On May 15, 2025, Defendant filed its Response to the Order to Show Cause. (Doc. 5.) On July 14, 2025, at the Court's direction, Plaintiff also filed a Response to the Order to Show Cause. (Doc. 9.) Upon review, this action will be remanded to state court for lack of jurisdiction.

Federal courts are courts of limited jurisdiction and the threshold requirement in every federal action is jurisdiction. *Nuevos Destinos, LLC v. Peck*, 999 F.3d 641, 646 (8th Cir. 2021). Accordingly, a court has an independent obligation to confirm that jurisdiction is proper. E.g., *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014). A court should "resolve all doubts about federal jurisdiction in favor of remand." *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007).

In the Notice of Removal, Defendant claims this Court "has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because it is a civil action arising under

the laws of the United States" (Doc. 1 at 2.) In most instances, "the presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (cleaned up). A plaintiff is the master of their complaint and may avoid federal jurisdiction by exclusive reliance on state law. *Id*.

Here, Plaintiff asserts in paragraph 23 of the Complaint that, "Defendant engaged in an action that constitutes discrimination under the MHRA," the Missouri Human Rights Act. (Doc. 1-1 at 4.) In paragraph 24, Plaintiff alleges "Defendant discriminated against, [] demoted and fired Plaintiff based on gender, age, unwanted sexual harassment (by Mr. Gordon) and whistleblowing." *Id*. In paragraph 22, she states she "filed a claim with the EEOC and received a Right to Sue Letter." *Id*.

In its Response, Defendant argues that the Complaint "clearly does *not* state a claim under the Missouri Human Rights Act. Instead, when read in its entirety, it appears from the face of Plaintiff's Complaint that Plaintiff is asserting a claim under Title VII." (Doc. 5 at 2.) In support, Defendant states that the work-sharing agreement between the EEOC and the MCHR ("Missouri Commission on Human Rights") does not eliminate the need for a right-to-sue letter from the MCHR, and only after a plaintiff receives a right-to-sue letter from the MCHR may she file an MHRA claim. Thus, Defendant contends that in the absence of a right-to-sue letter from the MCHR, "Plaintiff's Complaint does *not* state a claim under the MHRA." *Id*. at 3. But, according to Defendant, because the Complaint alleges and attaches a right-to-sue letter from the EEOC, it "*does* allege the prerequisites necessary for pursuing a claim under Title VII." Plaintiff disagrees with Defendant's interpretation, responding that "the MCHR and EEOC work together to

investigate these claims, and [a party may] pursue a lawsuit in state or federal court after receiving a 'right-to-sue' notice from either agency." (Doc. 9 at 2.)

The Court does not need to resolve this dispute, as it is not deciding whether the Complaint would survive a motion to dismiss for failure to state a claim upon which relief can be granted under the MHRA. Rather, the Court is determining the presence or absence of federal question jurisdiction. Here, Plaintiff explicitly alleges that "Defendant engaged in an action that constitutes discrimination *under the MHRA*." Nowhere, however, does Plaintiff explicitly assert any claims under federal law, and it appears that by referring to the EEOC Right to Sue letter, she is attempting to satisfy a condition precedent to filing a civil action under the MHRA. *See* MO. REV. STAT. § 213.075.2 (2017) (providing that any complaint filed with the EEOC shall be deemed filed with the MCHR). Thus, on the face of the Complaint, the only claim Plaintiff raises is under the Missouri Human Rights Act, a law of the State of Missouri. Notably, Defendant opines in its Response that "the allegations in the Complaint are not clear," which is informative, as the Court should resolve all doubts about federal jurisdiction in favor of remand. Accordingly, as no federal question is presented on the face of the Complaint, the Court concludes that federal question jurisdiction is lacking.

Therefore, pursuant to 28 U.S.C. § 1447(c), the Clerk's Office is directed to **REMAND** this action to the Circuit Court of Christian County, Missouri for further proceedings.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: July 17, 2025